# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-_____

STANLEY TOWNSEND, and
TAMARA TOWNSEND

Plaintiffs,

v.

ORANGE POWER GROUP, LLC d/b/a DITCH WITCH OF THE ROCKIES;
THE TORO COMPANY;
THE HOME DEPOT, INC.; and
HOME DEPOT U.S.A., INC.,

Defendants.

## NOTICE OF REMOVAL

Defendants Orange Power Group, LLC, The Toro Company, The Home Depot, Inc., and Home Depot U.S.A., Inc., by and through their counsel, Sheryl L. Anderson, Adam P. O'Brien, and Saugat K. Thapa of Wells, Anderson & Race, LLC, and pursuant to 28 U.S.C.S. §§ 1332, 1441, and 1446, respectfully file this Notice of Removal of the above action from the Denver District Court, State of Colorado, to the United States District Court for the District of Colorado. As grounds for removal, Defendants state as follows:

### I.      INTRODUCTION

On February 15, 2022, Plaintiffs Stanley Townsend and Tamara Townsend ("Plaintiffs") filed this action against the Defendants in the Denver District Court entitled *Stanley Townsend & Tamara Townsend v. Orange Power Group, LLC, et. al.*, Case No. 2022CV30428. A copy of the

Complaint is attached as **Exhibit A**. A copy of the District Court Civil Case Cover Sheet is attached as **Exhibit B**. Copies of affidavits of service and summonses on each Defendant are attached as **Exhibit C**.

Plaintiffs allege that on May 19, 2020, Stanley Townsend was injured while operating a Ditch Witch trencher that he rented from Home Depot. He asserts claims for product liability, negligence, breach of warranties, and alleged violations of the Colorado Consumer Protection Act (C.R.S. § 6-1-101 *et. seq.*, "CCPA"). Plaintiff Tamara Townsend asserts a claim for loss of consortium. As set forth below, the district courts of the United States have original jurisdiction over this action because there is complete diversity of citizenship between the Plaintiffs and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C.S. § 1332(a)(1).

## II.     COMPLIANCE WITH STATE COURT RULES AND DEADLINES

Plaintiffs served the Complaint, Summons, and District Court Civil Case Cover Sheet on The Toro Company and The Home Depot, Inc. on February 24, 2022, and on Orange Power Group, LLC and Home Depot U.S.A., Inc. on February 28, 2022. *See* **Exhibit C**. Thus, this Notice of Removal is timely filed under 28 U.S.C.S. § 1446 as it is filed within 30 days after February 24, 2022. All defendants join in and consent to removal of this action. Thus, the requirement of 28 U.S.C.S. § 1446(b)(2)(A) has been satisfied.

Under 28 U.S.C.S. § 1441, the United States District Court for the District of Colorado is the appropriate court for filing a notice of removal from the Denver District Court, where this action is pending. All procedural requirements related to the removal of this action have been satisfied.

### III.   DIVERSITY JURISDICTION

A defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal containing a short and plain statement of the grounds for removal as required under 28 U.S.C.S. §1446(a).  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014).

**A. Complete Diversity of Citizenship Exists Under 28 U.S.C.S. § 1332(a)(1).**

To meet the diversity requirement for federal jurisdiction, complete diversity between all plaintiffs and all defendants is required.  *See Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005).

*1.   Plaintiffs' Citizenship*

To be a citizen of a state within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the state.  *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989).  "For purposes of diversity jurisdiction, a person is a citizen of a state if the person is domiciled in that state."  *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).  A person acquires domicile in a state when the person resides there and intends to remain there indefinitely.  *See Middleton*, 749 F.3d at 1200.

In determining a person's domicile for diversity-jurisdiction purposes, a district court should consider the totality of the circumstances, and any number of factors might shed light on the subject in any given case.  *See id.* at 1200-01.  This includes the party's current residence; voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other

associations; place of employment or business; driver's license and automobile registration; payment of taxes; and several other aspects of human life and activity. *See id.* at 1201.

Although, "[r]esidence alone is not the equivalent of citizenship, [] the place of residence is *prima facie* the domicile." *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1999) (citations omitted). The state of residence of a person's spouse is also highly indicative of his or her domicile. *See Wilson v. IHC Health Servs.*, No. 2:12cv835, 2013 U.S. Dist. LEXIS 49007, *8-9 (D. Utah April 2, 2013) (unpublished); *Nat'l Artists Mgmt. Co. v. Weaving*, 769 F. Supp. 1224, 1228 (S.D.N.Y. May 9, 1991).

Here, both Plaintiffs are citizens of Colorado. Plaintiffs aver that they are married and that "[a]t all relevant times, [they] were and are residents of the State of Colorado." **Exhibit A**, ¶ 4, 97. At the time of filing the Complaint on February 15, 2022, Plaintiffs listed their address as 565 E. County Road 15, Monte Vista, Colorado 81144. *See* **Exhibit A**, p. 23. (C.R.C.P. 11(a) requires the address of a party on any initial pleading). According to property records from the Rio Grande County Assessor, both Plaintiffs own the residential property located at that address. *See* **Exhibit D**, Property Record Card.

According to Colorado voter records, Mr. Townsend has been registered to vote in Rio Grande County, Colorado since 2002, and his address is listed as 565 E. County Road 15, Monte Vista, Colorado 81144—the same as Plaintiffs' current residential address. *See* **Exhibit E**.

Plaintiffs also aver that Stanley Townsend was employed in Colorado on the date of the incident. *See* **Exhibit A**, ¶¶ 23, 24. Upon information and belief, Mr. Townsend was employed by ICONstruction, LLC, which is a Colorado limited liability company with its principal office

4

located at 3172 S. Hannibal St., Aurora, Colorado 80013.  *See* **Exhibit F**, Colorado Sec. of State Entity Summary for ICONstruction, LLC.

Given Plaintiffs' connections to the state of Colorado, they are also likely conducting banking activities and paying taxes in Colorado.  Moreover, there is no indication that either Plaintiff has citizenship in any state other than Colorado.  Based on all of this information, Plaintiffs are domiciled in, and citizens of, Colorado.

### 2. *Defendants' Citizenship*

For the purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C.S. § 1332(c)(1).  On the other hand, "an LLC, as an unincorporated association, takes the citizenship of all its members."  *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015); *see also id*. at 1238 (rejecting request that the Court determine the citizenship of an LLC by reference to its state of organization and the state of its primary business operations).

Defendant Orange Power Group, LLC d/b/a Ditch Witch of the Rockies is an Oklahoma limited liability company.  *See* **Exhibit G**, Certificate of Good Standing and Entity Summary Page from the Colorado Secretary of State for Orange Power Group, LLC.

Pistol Pete Enterprises, Inc. is the sole member of Orange Power Group, LLC.  *See* **Exhibit H**, Pages from Orange Power Group, LLC's Operating Agreement.  Pistol Pete Enterprises, Inc. is an Oklahoma corporation with its principal place of business located at 9000 N. I-35 Service Road, Oklahoma City, Oklahoma 73131.  *See* **Exhibit I**, Certificate of Fact from Oklahoma Secretary of State; *see also* **Exhibit H**, p. 3 ("Exhibit A" to Orange Power Group,

LLC's Operating Agreement showing Pistol Pete Enterprises, Inc.'s address). As such, Pistol Pete Enterprises, Inc. is a citizen of Oklahoma. Thus, Orange Power Group, LLC—which takes the citizenship of its sole member, Pistol Pete Enterprises, Inc.—is also a citizen of Oklahoma.

Defendant The Toro Company is a Delaware corporation with its principal place of business at 8111 Lyndale Avenue South, Bloomington, Minnesota 55420. *See* **Exhibit J**, Certificate of Good Standing and Entity Summary Page from the Colorado Secretary of State for The Toro Company. Thus, Toro is a citizen of Delaware and Minnesota.

Defendants The Home Depot, Inc. and Home Depot U.S.A., Inc. are Delaware corporations with their principal place of business at 2455 Paces Ferry Road, Atlanta, Georgia 30339. *See* **Exhibit K**, Annual Registration Statement from Georgia Secretary of State for The Home Depot, Inc.; **Exhibit L**, Certificate of Good Standing and Entity Summary Page from the Colorado Secretary of State for Home Depot U.S.A., Inc. Thus, both of these entities are citizens of Delaware and Georgia.

Because Plaintiffs are Colorado citizens and none of the Defendants is a citizen of Colorado, there is complete diversity between Plaintiffs and Defendants as required under 28 U.S.C.S. § 1332(a)(1).

**B. The Amount in Controversy Exceeds $75,000 Under 28 U.S.C.S. § 1332(a).**

While not waiving Defendants' rights to contest the amount of Plaintiffs' damages, diversity jurisdiction exists under 28 U.S.C.S. § 1332(a) because Plaintiffs seek a monetary judgment exceeding the $75,000 amount in controversy requirement exclusive of interest and costs. The District Court Civil Case Cover Sheet filed in the state court action establishes that the

amount in controversy exceeds $75,000.  *See* **Exhibit B**, ¶ 2.  Plaintiffs' counsel certified that C.R.C.P. 16.1 does not apply because:

> [Plaintiffs are] seeking a monetary judgment against another party for more than $100,000.00, including any penalties or punitive damages, but excluding attorney fees, interest and costs, as supported by the following certification: By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000.[]

**Exhibit B**, ¶ 2.  *See also Paros Properties, LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272-73 (10th Cir. 2016) (Colorado state court civil cover sheet indicating amount sought is greater than $100,000 suffices to start "removal clock" for purposes of 28 U.S.C.S. § 1446).

Additionally, Plaintiffs' allegations and other related information establish that the amount in controversy requirement has been satisfied.

In determining the amount in controversy, a court may look to the object sought to be accomplished by the plaintiff's complaint.  *See Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir. 1940).  "[T]he test for determining the amount in controversy is the pecuniary result to either party which the judgment would produce." *Id.*; *see also McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008) (the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose).  A defendant's notice of removal need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See Owens*, 135 S. Ct. at 554, abrogating *Laughlin v. Kmart Corp.*, 50 F.3d 871 (10th Cir. 1995) and *Martin v. Franklin Capital Corp.*, 251 F.3d 1284 (10th Cir. 2001).  Courts should apply the same liberal rules to removal that are applied to other matters of pleading.  *See Owens,* 135 S. Ct. at 553.

A defendant is not required to prove the legal conclusion that the statutory amount is in controversy or that the plaintiff will in fact recover that amount. *See McPhail*, 529 F.3d at 955-56. The amount in controversy is not proof of the amount that the plaintiff will recover; rather, it is an estimate of the amount that will be put at issue in the course of litigation. *See id.* at 956. A "defendant may rely on an estimate of the potential damages from the allegations in the complaint" to prove facts supporting the amount in controversy by a preponderance of the evidence. *Id.* at 955-56. Once a defendant establishes contested facts which support the requisite amount in controversy, the defendant is entitled to remain in federal court unless it is "'legally certain' that less than $75,000 is at stake. If the amount is uncertain then there is a potential controversy, which is to say that at least $75,000 is in controversy in the case." *Id.* at 954.

Plaintiffs' allegations in his Complaint support an amount in controversy exceeding $75,000 exclusive of interest and costs. Plaintiffs allege that the trencher caught Mr. Townsend's pant leg and pulled his right leg into the rotating digging chain. **Exhibit A**, ¶ 24. They allege that Mr. Townsend sustained "significant and permanent injury to his right leg and Plaintiffs suffered resulting damages." *Id.* ¶ 26. Plaintiffs seeks damages for "past and future reasonable medical, hospital and rehabilitation care and services, nursing care and services, life care and attendant services, medication, therapy and other expenses… past and future lost earnings and income, impairment of earning capacity… and past and future loss of household services and other economic damages." **Exhibit A**, ¶ 101(a-c). They also seek non-economic damages for alleged pain and suffering, emotional stress, extreme mental anguish, loss of enjoyment of life, and damages for alleged permanent disfigurement and physical impairment. *Id.* ¶ 101(d-f, h, i). Additionally, Ms. Townsend seeks damages for alleged loss of consortium. *Id.* ¶ 101(g). These

8

types of allegations, including the nature and extent of Plaintiff's alleged injuries and damages, are sufficient evidence to demonstrate the jurisdictional amount.  *See Roadcap v. Auto-Owners Ins. Co.*, No. 14-cv-01897, 2014 U.S. Dist. LEXIS 112059 at * 4-6 (D. Colo. Aug. 12, 2014). Further, the purported bills associated with Mr. Townsend's injuries are at least $103,832.06.

Given that Plaintiffs' District Court Civil Case Cover Sheet asserts that the amount sought exceeds $100,000, Plaintiffs' allegations of "significant and permanent injuries," and the amount of purported bills associated with Mr. Townsend's injuries, the amount in controversy in this action exceeds $75,000.  Accordingly, Defendants have demonstrated by a preponderance of the evidence that they are entitled to remove this action pursuant to 28 U.S.C.S. § 1446(a).  *See McPhail,* 529 F.3d at 953.

For the foregoing reasons, this Court has jurisdiction over this matter under 28 U.S.C.S. §§ 1332, 1441, and 1446 because there is complete diversity of citizenship between the parties and the minimum amount in controversy requirement has been satisfied.

Pursuant to 28 U.S.C.S. § 1446(a), copies of all "process, pleadings and orders" in the state court case file of which Defendants are aware are filed with this Notice.  In addition to Exhibits A through L, attached are: (a) the state court's Pre-Trial Order, **Exhibit M**; (b) the state court's Delay Reduction Order, **Exhibit N**; and (c) a copy of the docket sheet from the state court action, **Exhibit O.**

Pursuant to 28 U.S.C.S. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the Denver District Court, Colorado.  A copy of this Notice of Removal is being served on Plaintiffs' counsel, as indicated on the attached certificate of service.

**WHEREFORE**, Defendants, Orange Power Group, LLC; The Toro Company; The Home Depot, Inc.; and Home Depot, U.S.A, Inc. hereby remove this action from the Denver District Court, State of Colorado, to the United States District Court for the District of Colorado.

Respectfully submitted this 25th day of March, 2022.

*S/Sheryl L. Anderson*
Sheryl L. Anderson
Adam P. O'Brien
Saugat K. Thapa
Wells, Anderson & Race, LLC
1700 Broadway, Suite 1020
Denver, CO 80290
Telephone: 303-830-1212
Facsimile: 303-830-0898
Email:  sanderson@warllc.com
    aobrien@warllc.com
    sthapa@warllc.com

*Attorneys for Defendants Orange Power Group, LLC, The Toro Company, The Home Depot, Inc., and Home Depot U.S.A.*

Defendants' Addresses:

**Orange Power Group, LLC**
9000 N. I-35 Service Road
Oklahoma City, OK 73131

**The Toro Company**
8111 Lyndale Avenue South
Bloomington, MN 55420

**The Home Depot, Inc. & Home Depot U.S.A., Inc.**
2455 Paces Ferry Road
Atlanta, GA 30339

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 25th day of March, 2022, I electronically filed the foregoing, **NOTICE OF REMOVAL** with the Clerk of the Court for the United States District Court for the District of Colorado using the Federal Court's CM/ECF System, and forwarded by email as follows:

Jason W. Jordan, Esq.
Anne M. Dieruf, Esq.
Jordan Herington & Rowley
5445 DTC Parkway, Suite 1000
Greenwood Village, CO 80111
jason@jordanlaw.com
anne@jordanlaw.com


Jon Ward, Esq.
Dan Yarbro, Esq.
The Law Offices of Jonathan M. Ward
1825 York Street,
Denver, CO 80206
jward@accidentattorneydenver.com


                                                              *S/Leslie R. Gregory*
                                                            Leslie R. Gregory, Legal Assistant
                                                            [Original Signature on File at the Office of Wells, Anderson & Race, LLC]