IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 1:22-cv-00743-RMR-JPO

STANLEY TOWNSEND, and
TAMARA TOWNSEND

    Plaintiffs,

v.

THE TORO COMPANY; and,
HOME DEPOT U.S.A., INC.,

    Defendants.

## ORDER

    Stanley Townsend was injured while he was operating a Ditch Witch C24x Trencher (the "trencher"), which he rented from Home Depot.[1] Townsend alleges he was seriously injured when the operator presence control ("OPC") on the trencher (also known as a "deadman" control) failed to shut the machine off when he left the operator position. Instead, the machine kept going and Townsend became entangled in the digging chain. The parties dispute exactly how he became entangled in the digging chain and what caused Townsend's injuries, but they agree the OPC did not return to neutral and did not stop the digging chain. Townsend suffered injuries to his leg. Townsend and his wife ("Plaintiffs") assert the following claims under Colorado law against Toro (the

---

[1] The trencher was designed and manufactured by The Charles Machine Works, Inc. (which Toro has since acquired). Home Depot purchased the trencher from The Charles Machine Works.

manufacturer of the device) and Home Depot (the seller): strict product liability design defect, negligence, and breach of warranty. Both Defendants have moved for summary judgment.[2] Both motions are now ripe.[3]

### A.   Legal Standard

To succeed on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine dispute of material fact; and (2) the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). When analyzing a motion for summary judgment, the court must look at the factual record and the reasonable inferences to be drawn from the record in the light most favorable to the non-moving party." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006). However, the nonmoving party may not simply rest upon its pleadings at this stage; rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998).

Ultimately, the Court's inquiry on summary judgment is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a

---

[2] The facts are undisputed unless otherwise stated.
[3] The Toro Company's ("Toro") Motion for Summary Judgment (ECF No. 80), Defendant Home Depot U.S.A., Inc.'s ("Home Depot") Motion for Summary Judgment (ECF No. 81).

verdict for that party. If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id.* at 249.

The court exercises jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332, and thus applies Colorado law. The parties do not dispute that Colorado law applies. *See, e.g.*, *Clark v. State Farm Mut. Auto. Ins. Co.*, 319 F.3d 1234, 1240 (10th Cir. 2003) (applying the substantive law of the state the parties agree controls); *Bullock v. Wayne*, 623 F. Supp. 2d 1247, 1252 (D. Colo. 2009) (a federal court exercising diversity jurisdiction applies the law of the forum state).

### B. Toro's Motion for Summary Judgment

Toro argues Townsend has failed to provide sufficient evidence on which a reasonable jury could find that the OPC failure caused his injuries, damages and losses. As a result, Toro asks this Court to enter judgment in its favor on each of Plaintiffs' claims for strict liability, negligence, and breach of warranty. Alternatively, Toro asserts Plaintiffs' breach of warranty claims fail as a matter of law.

#### 1. Causation

Of course, Plaintiffs must prove that the alleged defect was a cause of Townsend's injuries in order to prevail on their claims. Though the elements of Plaintiffs' claims vary, one constant is the need for the plaintiff to prove causation. *Truck Ins. Exch. v. MagneTek, Inc.*, 360 F.3d 1206, 1214-15 (10th Cir. 2004) (citing Colorado Jury Instructions Civil 4th); *see also Moreno v. Specialized Bicycle Components, Inc.*, No. 19-CV-01750-MEH, 2021 WL 3631311, at \*12 (D. Colo. Aug. 17, 2021) ("Causation is a necessary element for each

of Plaintiff's claims for negligence, strict products liability, manufacturer's negligence, breach of express warranty, and breach of implied warranty of merchantability.").

Toro asks this Court to find that no rational jury could find that the allegedly defective OPC caused Townsend's injuries. *See Rodgers v. Beechcraft Corp.*, 759 F. App'x 646, 675 (10th Cir. 2018) ("A dispute over a material fact is genuine if a rational jury could find in favor of the nonmoving party on the evidence presented.") (quotations omitted). However, there are numerous issues of material fact which remain disputed, not the least of which is how Townsend became entangled in the trencher. ECF No. 80-1 at 156-159; ECF No. 82 at 6; ECF No. 82-1 at 12-15, 21. What does not appear to be in dispute is the fact that the trencher did not stop when Townsend left the operator position. What happened thereafter and whether it was a cause of Townsend's injuries remains in dispute. Indeed, Toro's arguments on this issue highlight the number of disputed facts. *See* ECF No. 80 at 10-12. For example, Toro argues that the lever not automatically returning to neutral may not be the but-for cause of Townsend's injuries. Instead, Toro argues Townsend "could have still been injured even if the lever was working as intended if someone else was operating the trencher when he approached its digging chain." *Id*. at 12. This is a factual dispute about what happened and is exactly the type of dispute that a jury should resolve.

Next, Toro argues Plaintiffs' claims fail "because there is no admissible expert testimony that specifically ties the alleged defect (failure of the [OPC] to return to neutral) to Mr. Townsend being entangled in the Trencher's digging chain on the opposite end of the Trencher, thereby causing injuries." ECF No. 80 at 9. Toro's argument presumes an

4

expert is required. Expert testimony is required to establish causation when proof "requires answering technical questions which are beyond the capacity of laypersons." *Mathison v. United States*, 619 F. App'x 691, 694 (10th Cir. 2015). Here, Toro argues an expert is required to testify that the failure of the lever to return to neutral, which allowed the trencher to continue digging, was the cause of Townsend's injuries. Again, it is undisputed that the trencher did not stop when the OPC was released. Instead, the trencher's track continued to move, and Townsend became entangled in the digging chain. It is doubtful that an expert is required, as it would be within the purview of the jury to assess whether the trencher, which continued running, was a cause of Townsend's injuries.[4]

Nonetheless, the Court need not rule on this issue because it has already dispensed with Toro's argument for the exclusion of Plaintiffs' endorsed design defect expert, Kevin Sevart. Plaintiffs have disclosed Sevart to testify that the trencher's digging chain control lever was defective and may have caused Townsend's injuries. The Court previously granted in part and denied in part Defendants' motion to exclude Sevart. ECF No. 92. As relevant to this Order, the Court ruled that it would not exclude Sevart's opinion on causation and that Sevart would be permitted to testify "as to his knowledge of how an OPC should be designed and function, that the OPC in this case did not function as intended, and that a properly designed and functioning OPC may have prevented Mr. Townsend's injuries." *Id.* at 6. Thus, Plaintiffs will be able to offer causation testimony,

---

[4] For example, Toro seems to argue another employee may have been operating the trencher at the time Townsend became entangled. *See* ECF No. 80 at 12. A jury can determine whether another employee was operating the trencher at the time of the injury and whether there is a causal connection without the need for expert testimony.

and whether Plaintiffs can prove this element will be up to the jury. *See Rocky Mountain Planned Parenthood v. Wagner*, 467 P.3d 287, 293 ("Causation in fact is typically a question for the jury, unless the undisputed facts would allow reasonable minds to draw just one inference from them."). To the extent Toro disagrees with Sevart's causation opinion and/or disputes Townsend's version of events as to how he became entangled in the digging chain, those are genuine issues of material fact that must go to the jury. Accordingly, Toro is not entitled to summary judgment on this basis and Toro's motion for summary judgment for lack of causation is **DENIED**.

### 2. Breach of Warranty

Toro next argues that Plaintiffs' breach of express warranty and breach of implied warranty of merchantability claims fail as a matter of law because (1) Toro disclaimed any implied warranties[5] and (2) even without the disclaimer, Plaintiffs cannot meet their burden on the elements of each breach of warranty theory.

### a. Breach of Implied Warranty

Although Plaintiffs did not purchase the trencher directly from Toro, they bring their warranty claims against Toro as third-party beneficiaries of the warranties created by the sale from Toro to Home Depot. Under Colorado law, "when a warranty has been created, it extends to any person who may reasonably be expected to use, consume, or be affected by the goods and who was injured by breach of the warranty." *Palmer v. A.H.*

---

[5] Plaintiffs also alleged a claim for breach of the implied warranty of fitness for a particular purpose. However, in their responses to the summary judgment motions, Plaintiffs represent that they "do not intend to present a claim for breach of implied warranty for a particular purpose." See ECF No. 82 at 18 n.18; ECF No. 83 at 19 n.13. Thus, the Court will not address Toro's arguments regarding the implied warranty of fitness for a particular purpose and dismisses that claim.

6

*Robins Co., Inc.*, 684 P.2d 187, 208 (Colo. 1984) (citing C.R.S. § 4-2-318). That is the case here, where Toro sold the trencher to Home Depot to use as part of its rental program and so consumers such as Townsend could reasonably be expected to use, consume, and be affected by the trencher. As to warranty disclaimers, Colorado law provides that warranty disclaimers are equally operative against "beneficiaries of warranties" even though the claimed beneficiary did not buy the product from the manufacturer/original seller. *See* C.R.S. § 4-2-317, Official Comment No. 1; *Wenner Petroleum Corp. v. Mitsui & Co.*, 748 P.2d 356, 357 (Colo. App. 1987) ("We agree with and adopt § 4-2-318, C.R.S. (Official Comment) which provides that properly executed limitations of warranties or available remedies are equally applicable to anyone that would be a beneficiary of a seller's warranty.").

Toro does not dispute that Plaintiffs are third-party beneficiaries of the warranties allegedly made by Toro. Rather, Toro argues that Plaintiffs' breach of the implied warranty of merchantability claim fails because Toro's disclaimer of implied warranties in its Operator's Manual applies equally to Plaintiffs as third-party beneficiaries. Plaintiffs respond that a disclaimer of implied warranties is not enforceable against a consumer buyer like Townsend unless it is clearly brought to the attention of the buyer and agreed to by him.

The validity of disclaimer clauses in Colorado is governed by Colo. Rev. Stat. § 4-2-316(2). *Richard O'Brien Cos. v. Challenge-Cook Bros., Inc.,* 672 F. Supp. 466, 469 (D. Colo. 1987). "[T]o exclude the implied warranty of merchantability, the language of the warranty must actually mention merchantability, must be in writing, and must be

7

conspicuous." *Id.* "Conspicuous" for purposes of this section means "so written, displayed, or presented that a reasonable person against which it is to operate ought to have noticed it." C.R.S. § 4-1-201(10). "Whether a term is 'conspicuous' or not is a decision for the court." *Id.*

Toro asserts that it disclaimed the implied warranty of merchantability in its Operator's Manual when it sold the trencher to Home Depot. The Operator's Manual contains the following disclaimer under a section titled "Exclusions from Product Warranty":

> ALL IMPLIED WARRANTIES NOT EXPRESSLY STATED HEREIN, INCLUDING ANY WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE AND MERCHANTABILITY.

ECF No. 80-1 at 143 (caps in original). That section further provides:

> IF THE PRODUCTS ARE PURCHASED FOR COMMERCIAL PURPOSES, AS DEFINED BY THE UNIFORM COMMERCIAL CODE, THEN THERE ARE NO WARRANTIES WHICH EXTEND BEYOND THE FACE HEREOF AND THERE ARE NO IMPLIED WARRANTIES OF ANY KIND WHICH EXTEND TO A COMMERCIAL BUYER. ALL OTHER PROVISIONS OF THIS LIMITED WARRANTY APPLY INCLUDING THE DUTIES IMPOSED.

*Id.*

The Court finds that Toro's disclaimer of the implied warranties in the Operator's Manual satisfies the statutory requirements. The disclaimer is on a single page with the word "Warranty" in bold and large letters at the top. *See* ECF No. 80-1 at 143. The section heading "Exclusions from Product Warranty" is in bold. *Id.* The only language in all caps on the page is the two provisions quoted above. *Id.* The disclaimer explicitly mentions the implied warranties of fitness for a particular purpose and merchantability. *Id.* Accordingly, the disclaimer complies with the requirements of C.R.S. § 4-2-316(2).

Plaintiffs argue that under Colorado law, even though a valid disclaimer may negate implied warranties between a commercial seller and a commercial buyer, it is not appropriate for a consumer sale. *See Hiigel v. General Motors Corp.*, 544 P.2d 983, 989-90 (Colo. 1975). For such a disclaimer to be valid as to a consumer, the disclaimer "must be clearly brought to the attention of the buyer and agreed to by him." *Id.* Although the rule stated by *Hiigel* would apply if Townsend had purchased the trencher from Toro (thereby making it a consumer sale), that is not the case here. Here, the disclaimer of implied warranties was part of the commercial sale from Toro to Home Depot. Plaintiffs claim entitlement to the warranty only as third-party beneficiaries. Under Colorado law, the disclaimer therefore applies <u>equally</u> to Plaintiffs as it would to Home Depot. *See* C.R.S. § 4-2-318, Comment 1 ("To the extent that the contract of sale contains provisions under which warranties are excluded or modified, or remedies for breach are limited, such provisions are <u>equally operative against beneficiaries of warranties under this section</u>. (emphasis added). Thus, Toro's disclaimer of implied warranties is equally operative against Plaintiffs as third-party beneficiaries. Accordingly, Toro is entitled to summary judgment on Plaintiffs' claim for breach of the implied warranty of merchantability.

### b.     Breach of Express Warranty

Next, Toro argues Plaintiffs' claim for breach of express warranty fails as a matter of law. To state a claim for a breach of express warranty, Plaintiffs must prove (1), the existence of a warranty, (2) breach of the warranty, (3) that the breach proximately caused the losses claimed as damages, and (4) that the defendant received timely notice of the breach. *See Platt v. Winnebago Indus.*, 960 F.3d 1264, 1271 (10th Cir. 2020) (applying

Colorado law). An express warranty is created by a seller as follows: "(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise" or "(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." C.R.S. § 4-2-313(1)(a)-(b). "Whether a particular statement constitutes an express warranty is generally an issue of fact." *Palmer v. A.H. Robins Co.*, 684 P.2d 187, 208 (Colo. 1984).

The basis of Plaintiffs' claim for breach of express warranty is the following statement made in a Ditch Witch marketing video about the type of trencher at issue: "All movement should stop when the controls are released." This is immediately followed by the statement: "If a control is not functioning properly, stop until repairs are made." Toro argues Plaintiffs' express warranty claim fails because (1) the statement in the video is not a warranty; (2) even if the statement was a warranty, any damages that Plaintiffs purportedly suffered resulted not from any breach of this warranty but from Townsend's non-compliance therewith; and (3) the statement in the video was not part of the basis of the bargain. Plaintiffs respond that there are genuine issues of material fact surrounding the express warranty that prevent summary judgment.

It is well established that "[t]he question of the existence of a warranty and whether that warranty was breached is ordinarily one for the trier of fact." *Loughridge v. Goodyear Tire & Rubber Co.*, 192 F. Supp. 2d 1175, 1181 (D. Colo. 2002) (applying Colorado law) (citation omitted). Here, Plaintiffs allege the statement in the Ditch Witch promotional

video was an express warranty. The statement relates directly to the central issue in this case—whether movement should have stopped when the controls were released. Whether this statement constitutes a warranty, whether Townsend complied with the warranty, and whether the statement became a part of the basis of the bargain are all questions of fact for the jury. *See id.* ("Under Colorado law, genuine issue of material fact existed as to whether manufacturer of hose that was installed in heating system made explicit warranties for future performance of hose and whether such promises became part of the basis of the bargain, precluding summary judgment for manufacturer in actions brought by purchasers of heating systems with allegedly faulty hoses."). Thus, the Court finds that there are genuine issues of material fact precluding summary judgment on the breach of warranty claim.

For the reasons described above, Toro's Motion for Summary Judgment on Plaintiffs' claims for breach of warranty is GRANTED IN PART and DENIED IN PART as follows:

- As to Plaintiffs' claim for breach of the implied warranty of merchantability, summary judgment is **GRANTED**.
- As to Plaintiffs' claim for breach of express warranty, summary judgment is **DENIED**.

### C. Home Depot's Motion for Summary Judgment

Home Depot asserts it is an "innocent seller" pursuant to the Colorado Product Liability Act ("CPLA"), C.R.S. § 13-21-401 *et seq.*, and therefore all of Plaintiffs' claims against it are barred.[6] The Court agrees.

The CPLA's innocent seller provision provides that "[n]o product liability action shall be commenced or maintained against any seller of a product unless said seller is also the manufacturer of said product or the manufacturer of the part thereof giving rise to the product liability action." C.R.S. § 13–21–402(1). Thus, Plaintiffs must prove Home Depot was a "manufacturer" under C.R.S. § 13-21-402(1) to maintain any of their claims against it.

Home Depot argues it is not a manufacturer. The CPLA defines a "manufacturer" as "a person or entity who designs, assembles, fabricates, produces, constructs, or otherwise prepares a product or a component part of a product prior to the sale of the product to a user or consumer." C.R.S. § 13–21–401(1). A manufacturer also includes (1) any seller who has actual knowledge of a defect in a product; or (2) a seller of a product who creates and furnishes a manufacturer with specifications relevant to the alleged defect for producing the product; or (3) who otherwise exercises some significant control over all or a portion of the manufacturing process; or (4) who alters or modifies a product in any significant manner after the product comes into his possession and before it is sold to the ultimate user or consumer. *Id.* Plaintiffs argue Home Depot is a manufacturer under

---

[6] Because this Court finds Home Depot is an innocent seller, the Court does not address Home Depot's alternative argument that it is entitled to summary judgment on Plaintiffs' breach of warranty claim.

12

the CPLA because it otherwise prepared the trencher, had actual knowledge of the defect, and/or is an apparent manufacturer.

### 1. "Otherwise Prepared"

Plaintiffs first contend Home Depot is a manufacturer because it "otherwise prepared" the trencher by (1) specifying a GPS be mounted to the machine; (2) placing Home Depot branded decals on the trencher; and (3) conducting check-in/check-out inspections during the rental process including "cleaning the unit, checking oil, greasing zerks, providing safety manuals, filling with fuel, hooking it to the trailer, etc." The Court does not find that Home Depot's actions qualify as "otherwise prepar[ing] the product."

A similar case in this District, is instructive. There, Home Depot was determined not to be a "manufacturer" under similar circumstances, albeit at the motion to dismiss stage. *See Sweeney v. Home Depot U.S.A., Inc.*, No. 23-CV-01208-STV, 2024 WL 625601, at *5 (D. Colo. Feb. 14, 2024) (on consent). In *Sweeney*, Magistrate Judge Varholak rejected the argument that Home Depot was a manufacturer of a floor stripper because it "otherwise prepared" the product. *Id.* Magistrate Judge Varholak addressed two of the same arguments Plaintiffs make here – that labeling the product with Home Depot labels and/or providing Home Depot safety guides and training instructions qualifies as "otherwise prepar[ing] the product." *Id.* As to the Home Depot labels, Magistrate Judge Varholak correctly recognized that "while a seller who places a private label on a product without disclosing the actual manufacturer may be liable under the CPLA, 'the plain meaning of the phrase 'otherwise prepares a product' does not encompass use of one's name on that product.'" *Id.* (quoting *Yoder v. Honeywell Inc.*, 104

F.3d 1215, 1223-24 (10th Cir. 1997)); *see also* C.R.S. § 13-21-401(1) ("A seller not otherwise a manufacturer shall not be deemed to be a manufacturer merely because he places or has placed a private label on a product if he did not otherwise specify how the product shall be produced or control, in some significant manner, the manufacturing of the product and the seller discloses who the actual manufacturer is."). Here, the decals on the trencher identified it as Home Depot rental equipment, and the actual manufacturer's brand and name (Ditch Witch and the Charles Machine Works, Inc.) are conspicuously identified on the trencher as well. *See* ECF No. 81-1 at 59-65. Indeed, it is undisputed that a sticker on the trencher specifically states: "Manufactured by The Charles Machine Works, Inc." *Id.* at 65. The Court rejects Plaintiffs argument that placement of Home Depot labels transforms Home Depot into a manufacturer. The same is true for the mounting of the GPS tracker. The GPS tracker simply tracks the location of Home Depot's rental equipment. The placement of a GPS tracker after the machine was manufactured does not transform the equipment in any meaningful way any more than adding the Home Depot rental stickers to the machine does.

Nor does the Court find that Home Depot's completion of check-in/check-out procedures transforms it into a manufacturer. Plaintiffs cite to no law in support and this Court is not aware of any support for this proposition. *See Sweeney*, 2024 WL 625601, at *5. Instead, Plaintiffs argue Home Depot's cleaning and maintenance of the trencher along with the distribution of safety manuals transforms it into a manufacturer. But Plaintiffs have not shown how Home Depot's cleaning or maintenance altered or modified the trencher in any way. This is especially true because Plaintiffs claim that the OPC lever

14

was defective by design, and there is no evidence that Home Depot's cleaning or maintenance of the trencher is related to the allegedly defective OPC lever. The Court does not find that Home Depot "otherwise prepared" the trencher.

### 2. Actual Knowledge of Defect

Even if it did not "otherwise prepare" the trencher, Home Depot may be considered a manufacturer under the CPLA if it had actual knowledge of the defect in the trencher.

Plaintiffs argue there is a factual dispute as to whether Home Depot had actual knowledge of the defect because "Mr. Townsend will testify about his understanding that Home Depot employee(s) had prior experience with the Trencher malfunctioning in the same way previously." ECF No. 83 at 12. In support of this claim, Plaintiffs cite to Townsend's deposition testimony, wherein he testified that although no one from Home Depot told him of a prior issue with the trencher, he believes he was told months later that Home Depot had "trouble with the machine." Specifically, Townsend testified that he "can't recall exactly who it would have been," and he "do[esn't] remember who it was or when it was" and "it would have had to have been just hearsay, you know, that somebody would have told me that they had trouble with the machine." ECF No. 83-1 at 32, 237:22-239:23. This scant evidence is not enough to survive summary judgment. *See Conaway v. Smith*, 853 F.2d 789, 792 n.4 (10th Cir. 1988) (A party opposing summary judgment "may not rely merely on the unsupported or conclusory allegations contained in pleadings," but "must respond with specific facts demonstrating genuine issues requiring resolution at trial.").

Even if Townsend's deposition testimony was sufficient to demonstrate Home Depot was aware of "trouble with the machine" this still would not be enough to survive summary judgment, because Plaintiffs must show that Home Depot had knowledge of the specific alleged defect—here, that the OPC was defective. *See Bullock, ex rel. Bullock v. Daimler Trucks N. Am., LLC,* No. 08-CV-00491-PAB-MEH, 2010 WL 1380724, at *3 (D. Colo. Mar. 30, 2010) ("Generic knowledge of [potential danger with product] is quantitatively difference than knowledge of the specific alleged defect . . . . With absolutely no evidence that [alleged manufacturer] had *that* knowledge, no reasonable jury could find that it meets the 'actual knowledge' standard of the statute."). Other than this scant evidence offered by Townsend, Plaintiffs have offered no evidence that Home Depot had knowledge of a defect in the OPC, and therefore the Court does not find that Home Depot is a "manufacturer" under the theory of "actual knowledge."

### 3. Apparent Manufacturer

Finally, Plaintiffs contend that Home Depot is nevertheless liable as an apparent manufacturer. "An apparent manufacturer is a seller who holds itself out as the manufacturer—*e.g.,* by placing a private label on the product without disclosing the identity of the actual manufacturer." *Sweeney,* 2024 WL 625601, at *7 (citing *Bennington v. Stryker Corp.*, No. 1:20-cv-01211-CNS-KLM, 2023 WL 4136656, at *7-8 (D. Colo. June 22, 2023)); *Heinrich v. Master Craft Eng'g, Inc.*, 131 F. Supp. 3d 1137, 1161 (D. Colo. 2015); *Watson v. Dillon Companies, Inc.*, 797 F. Supp. 2d 1138, 1162 (D. Colo. 2011)). The rationale for imposing liability on an "apparent manufacturer" is that "it has induced the *purchasing public* to believe that it is the actual manufacturer, and to act on this

16

belief—that is, to *purchase the product in reliance* on the apparent manufacturer's reputation and skill in making it." *Long v. United States Brass Corp.*, 333 F. Supp. 2d 999, 1002 (D. Colo. 2004) (quoting *Hebel v. Sherman Equipment*, 442 N.E.2d 199, 203 (Ill. 1982)) (emphasis in original).

The Court reaches the same conclusion as it reached regarding the "otherwise prepared" doctrine. As previously noted, the trencher had several large stickers identifying the brand, Ditch Witch, and a sticker stating that the trencher was "manufactured by The Charles Machine Works". *See* ECF No. 81-1 at 60-65. Further, the video that forms the basis of Plaintiffs' express warranty claim is a Ditch Witch instructional video describing how the Ditch Witch C24x trencher works. That video concludes with the Ditch Witch logo and the words "a Charles Machine Works Company." The Ditch Witch YouTube channel also identifies Ditch Witch as "a Charles Machine Works Company."  Plaintiffs have failed to offer any evidence that Home Depot was holding out the machine as its own product. To the contrary, the evidence demonstrates that Townsend was on notice that Home Depot was not the manufacturer, which defeats the apparent manufacturer doctrine.

### 4. Negligence

Plaintiffs argue that even if the Court finds that Home Depot is an innocent seller under the CPLA, Plaintiffs' negligence claim should nevertheless survive summary judgment because it is not a "product liability action." Plaintiffs' argument is unavailing.

The CPLA defines "product liability action" as "any action brought against a . . . seller of a product, <u>regardless of the substantive legal theory or theories upon which the action is brought</u>, for or on account of personal injury . . . caused by or resulting from the

manufacture, construction, <u>design</u>, formula, installation, <u>preparation</u>, <u>assembly</u>, <u>testing</u>, packaging, <u>labeling</u>, <u>or sale of any product, or the failure to warn or protect against a danger or hazard in the use</u>, misuse, or unintended use of any product, or the failure to provide proper instructions for the use of any product." C.R.S. § 13-21-401(2) (emphasis added). Interpreting this provision, courts have consistently found negligence claims to be within the scope of the CPLA. *See, e.g., Bullock, ex rel. Bullock v. Daimler Trucks N. Am., LLC*, No. 08-CV-00491-PAB-MEH, 2010 WL 1380724, at *2 (D. Colo. Mar. 30, 2010) ("Plaintiffs' negligence claim falls within the innocent seller provision."); *Oshima v. Kia Motors Corp.*, No. 11-CV-03349-REB-MEH, 2012 WL 1578397, at *5 (D. Colo. May 4, 2012) ("both plaintiffs' negligence and their strict product liability claims are subject to the [CPLA]"); *Bennington v. Stryker Corp.*, No. 120CV01211CNSKLM, 2023 WL 4136656, at *7 n.2. (D. Colo. June 22, 2023) (CPLA's "definition [of "product liability action"] would encompass Plaintiff's claims of strict liability, negligence, and breach of warranties to the extent that they are based upon defects in the product's design, manufacturing, warnings, or instructions rendering the product unreasonably dangerous.").

Plaintiffs attempt to recast their negligence claim as separate from their product liability claims. However, upon review of the Complaint, it is clear that Plaintiffs' negligence claim falls within the CPLA's definition of "product liability action." *See* ECF No. 4 ¶¶ 53-67. Plaintiffs' negligence claim is specifically based on Home Depot's "duty to exercise reasonable care in <u>testing</u>, approving, fabricating, <u>assembling</u>, equipping, inspecting, <u>labeling</u>, advertising, promoting, marketing, distributing, wholesaling, supplying, <u>selling</u>, providing, renting, servicing, repairing and maintaining the Subject

Trencher." *Id.* ¶ 55 (emphasis added). Plaintiffs' negligence claim further alleges that "Home Depot had a duty to ensure the Subject Trencher . . . was <u>reasonably safe</u>" and "Home Depot had a duty to properly <u>warn consumers of the risks, dangers, and harms</u> presented by the Subject Trencher . . . ." *Id.* ¶¶ 56-57 (emphasis added). The Complaint states "[t]he factual basis for Home Depot's negligence is also further specified in the First Claim for Relief," which is Plaintiffs' claim for strict product liability. *Id.* ¶ 60. Based on these allegations, the Court finds that Plaintiffs' negligence claim is subject to the CPLA and is barred by the innocent seller provision.

For these reasons, Home Depot's motion for summary judgment is **GRANTED.**

## V. CONCLUSION

For the reasons set forth herein, the Court ORDERS as follows:

1) Defendant Toro's Motion for Summary Judgment, ECF No. 80, is GRANTED IN PART and DENIED IN PART, with the result that Plaintiffs' claim for breach of implied warranty of merchantability against Toro is DISMISSED WITH PREJUDICE; and

2) Defendant Home Depot's Motion for Summary Judgment, ECF No. 81 is GRANTED, with the result that all of Plaintiffs' claims against Home Depot are DISMISSED WITH PREJUDICE; and

3) Based on Plaintiffs' representation that they are no longer asserting a claim for breach of implied warranty of fitness for a particular purpose, that claim is DISMISSED WITH PREJUDICE.

DATED: May 29, 2024

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge